```
              IN THE UNITED STATES DISTRICT COURT FOR
                    THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| J.A.B.L.<br><br>**Plaintiff**<br><br>v.<br><br>CONFEDERACIÓN DE ASOCIACIONES NACIONALES DE MUNICIPIOS DE CENTROAMÉRICA Y EL CARIBE, et al.<br><br>**Defendants** | **CIVIL NO.** 22-1394 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On August 22, 2022, Plaintiff J.A.B.L. ("Plaintiff") filed a *pro se Complaint* for emotional distress, defamation, and violations of the Sherman Antitrust Act of 1980 ("Sherman Act") and the Racketeer Influenced and Corrupt Organizations Act ("RICO") against the Confederación de Asociaciones Nacionales de Municipios de Centroamérica y el Caribe ("CAMCAYCA"); Asociación de Alcaldes de Puerto Rico ("AAPR"); Eliecer Bredio Cortes-Castro, Mayor of the Municipality of Macaracas in the Republic of Panama; and Luis Javier Hernandez-Ortiz, Mayor of the Municipality of Villalba in Puerto Rico (collectively "Defendants"). (Docket No. 1). Plaintiff claims that CAMCAYCA and AAPR are "claiming to have the sole monopoly of representing mayors and municipalities in and out of Puerto Rico and the whole Central American and Caribbean

Civil No. 22-1394 Page 2

Region" and "have created a 'mafia' like enforcement of vigilantes with intentions of taking Plaintiff out of the market place." Id. ¶¶ 8, 14.

On August 24, 2022, the Court issued the following order:

> By **September 6, 2022,** Plaintiff "J.A.B.L." shall file a motion stating his full name. By **October 24, 2022,** Plaintiff shall show cause why the case should not be dismissed for (a) lack of subject matter jurisdiction; (b) lack of personal jurisdiction over "CAMCAYCA"; and (c) for failure to state a claim upon which relief can be granted. **Failure to timely comply with this Order may result in dismissal of the case.**

(Docket No. 4). On their part, co-defendant AAPR filed a *Motion to Dismiss* on August 30, 2022. (Docket No. 5). The Court instructed Plaintiff to respond by September 22, 2022. (Docket No. 6). **Plaintiff has failed to comply with any of the Court's aforementioned orders.** Consequently, AAPR filed a *Motion* requesting that their *Motion to Dismiss* be deemed unopposed in light of Plaintiff's failure to respond. (Docket No. 7).

District Court judges, in an exercise of the inherent authority to regulate their dockets, may rely upon Fed. R. Civ. P. 41 (b) when considering whether to involuntarily dismiss a case *sua sponte*. See García-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007). The First Circuit has held that "a party's disregard of a court order is a paradigmatic example of

Civil No. 22-1394                                                      Page 3

extreme misconduct" which may warrant dismissal. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). When a "court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case [.]" Id.

Therefore, given Plaintiff's repeated failure to comply with this Court's Orders, Plaintiff's *Complaint* at Docket No. 1 is hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 26th day of October 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge